# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINCON BAND OF MISSION INDIANS; and LA JOLLA BAND OF MISSION INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ESCONDIDO (on its own behalf and as successor to the ESCONDIDO MUTUAL WATER COMPANY); JEFF B. SESSIONS, Attorney General of the United States; and RYAN ZINKE, Secretary, U.S. Department of the Interior,<br><br>Defendants,<br><br>PALA BAND OF MISSION INDIANS; PAUMA BAND OF MISSION INDIANS; SAN LUIS REY RIVER INDIAN WATER AUTHORITY; and SAN PASQUAL BAND OF MISSION INDIANS,<br><br>Intervenors. | CASE NO. '69-CV-0217-WQH-KSC<br><br>**FINDINGS AND ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLAIMS** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ESCONDIDO (as successor to the ESCONDIDO MUTUAL WATER COMPANY) and VISTA IRRIGATION DISTRICT,<br><br>Defendants,<br><br>PALA BAND OF MISSION INDIANS; PAUMA BAND OF MISSION INDIANS; SAN LUIS REY RIVER INDIAN WATER AUTHORITY; and SAN PASQUAL BAND OF MISSION INDIANS,<br><br>Intervenors. | CASE NO. '72-CV-0271-WQH-KSC |

| | |
|---|---|
| RINCON BAND OF MISSION INDIANS and LA JOLLA BAND OF MISSION INDIANS,<br><br>        Plaintiffs,<br><br>v.<br><br>VISTA IRRIGATION DISTRICT,<br><br>        Defendant,<br><br>PALA BAND OF MISSION INDIANS; PAUMA BAND OF MISSION INDIANS; SAN LUIS REY RIVER INDIAN WATER AUTHORITY; and SAN PASQUAL BAND OF MISSION INDIANS,<br><br>        Intervenors. | CASE NO. '72-CV-0276-WQH-KSC |

## **Findings of Fact**

The Court finds that:

1. The parties to this litigation have reached a settlement of these consolidated cases that requires the approval of this Court.

2. The terms of that settlement are set forth in three documents now before this Court for approval pursuant to section 104(2) of the San Luis Rey Indian Water Rights Settlement Act of 1988 (Public Law No. 100-675, 102 Stat. 4000) (the "Settlement Act"), as amended:

    1. The settlement agreement among all the parties dated January 30, 2015, and amended on August 29, 2016 ("Settlement Agreement"), an agreement that Congress approved and ratified in section 3605(a) of Public Law No. 114-322 (December 16, 2016);

    2. The agreement among all the parties except the United States dated December 5, 2014 ("Implementing Agreement"), an agreement that Congress found to conform to the requirements of the Settlement Act, see Pub. Law No. 114-322, § 3605(a) (December 16, 2016); and

3. The stipulation filed with this Court on January 19, 2017 ("Stipulation").[1]

3. The Settlement Agreement and the Stipulation, entered into by all the parties, and the Implementing Agreement, entered into by all parties other than the United States, provide for the final and complete resolution of all claims, controversies, and issues asserted, or subject to assertion, in these consolidated actions, in fulfillment of Section 104 of the Settlement Act.

4. The Settlement Agreement provides fair and reasonable terms for the resolution of the matters addressed therein.

5. The Implementing Agreement provides fair and reasonable terms for the use by the parties thereto of Local Water and Supplemental Water (as those terms are defined in the Settlement Agreement), and for financial and other consideration among the parties thereto.

/ / /

---

[1] In addition to those three documents, several other documents are part of the resolution of the larger dispute, including:
1. The January 18, 2001, Implementation Agreement among all the parties, recognizing the statutory obligation to deliver up to 16,000 acre-feet of water per year, subject to the conditions specified in the Settlement Act;
2. The October 10, 2003, Allocation Agreement among all the parties and others to allocate the water conserved from the All American Canal Lining Project and the Coachella Canal Lining Project;
3. The October 10, 2003, Agreement Relating to Supplemental Water among all the parties as well as the Metropolitan Water District of California;
4. The October 10, 2003, Agreement for the Conveyance of Water among all the parties as well as the San Diego County Water Authority;
5. The September 30, 2007, Permanent Arrangement for Power Capacity and Energy among the San Luis Rey River Indian Water Authority, the Local Entities (meaning the City of Escondido and the Vista Irrigation District), the Welton-Mohawk Irrigation and Drainage District, and the Yuma County Water Users' Association; and
6. The October 11, 2007, Agreement among the Metropolitan Water District of Southern California, the Welton-Mohawk Irrigation and Drainage District, and the Yuma County Water Users' Association and the October 10, 2000, Letter Agreement and the October 2, 2007, letter attached to that October 11, 2007, Agreement.

FERC also issued a Conditional Order in the Project No. 176 proceedings on September 25, 2012, setting forth the terms for issuance of a conduit exemption and license surrender upon approval of the Settlement Agreement and conclusion of the proceedings in this Court. *See City of Escondido and Vista Irrigation Dist.*, 140 F.E.R.C. ¶ 62,226 (Sept. 25, 2012).

6. All parties understand and agree with the terms of the Settlement Agreement and the Stipulation, and all parties to the Implementing Agreement understand and agree with its terms, and all parties represent that they have received adequate legal representation in reaching these terms.

## **Order**

The parties' joint motion for approval of the settlement and dismissal of their claims is granted as follows:

1. APPROVAL OF SETTLEMENT AGREEMENT. The Court approves the Settlement Agreement (ECF No. 18-2), including its Amendments (ECF No. 18-3) and Addendum (ECF No. 18-4). The Settlement Agreement (including the Amendments and Addendum) is incorporated into the Court's final judgment by reference as if fully set forth herein.

2. APPROVAL OF STIPULATION. The Court approves the Stipulation (ECF No. 18-8), including all attachments thereto (ECF Nos. 18-9 through 18-15). The Stipulation (including all attachments) is incorporated into the Court's final judgment by reference as if fully set forth herein.

3. APPROVAL OF IMPLEMENTING AGREEMENT. The Court approves (as to the signatories thereto) the Implementing Agreement (ECF No. 18-5), including the exhibits thereto (ECF Nos. 18-6 and 18-7), as a component of the complete resolution required under Section 104 of the Settlement Act.

4. CONTINUING JURISDICTION. This Court retains continuing jurisdiction over this action and the parties thereto for the sole purpose of interpreting and enforcing the provisions of the Settlement Agreement and the Stipulation. The remedy for breach of any provision of the Settlement Agreement or the Stipulation shall be limited to declaratory and injunctive relief.

5. DISMISSAL OF CLAIMS. The claims in these consolidated actions are dismissed with prejudice as among the parties (including any party's successors or assignees or officials or agents of the parties acting within the scope of their duties),

except to the extent necessary to allow this Court to retain continuing jurisdiction as discussed above; provided, however, that such dismissal shall not preclude or prevent any party or any party's successor or assignee from asserting any claim against any person or entity not a party to the Settlement Agreement.

6. **FEES AND COSTS.** Each party shall bear its own attorneys' fees and costs.

7. **NO THIRD PARTY RIGHTS.** Nothing in this order or the Court's final judgment is intended to confer upon any person or entity other than the parties (or any party's successors or assignees) any right or remedy.

IT IS SO ORDERED.

Dated: April 26, 2017

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court